**DOUGLAS, Plaintiff-Appellee, v PARMA (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20285.  Decided September 16, 1946.

Sindell & Sindell, David Sindell, Cleveland, for plaintiff-appellee.
Richard DeNobel, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

The plaintiff, Harry Douglas, filed this action in the common pleas court to recover damages for loss of consortium and

domestic service of his wife, Lillian, and for medical and hospital expenses incurred by him, which damages were caused, as alleged in his petition, by the negligence of defendant and by its creating or permitting a nuisance on one of its streets known as Orchard Avenue.

At the close of plaintiff's evidence, the defendant moved the court to arrest the taking of further testimony and to direct a verdict for defendant "for the reason that the proof has not substantiated the petition." This motion was overruled by the trial court and the defendant then rested its case and went to the jury without offering any evidence. No objection to the charge of the court was made by defendant and the jury returned a verdict for plaintiff and judgment having been entered thereon the defendant appeals to this court.

The facts disclosed by the bill of exceptions are as follows:

On the evening of June 18, 1943, plaintiff and his wife Lillian paid a visit to the wife's sister and her husband, Mr. and Mrs. Paulik, who were living at 6315 Orchard Avenue in the city of Parma. They arrived at the Paulik home about 8:30 P.M. and plaintiff drove his automobile onto the driveway of the Paulik home on the south side of Orchard Avenue. Witnesses testified that it was dark when plaintiff and his wife left the Paulik home to return to their own home, about one and a half to two hours later.

Plaintiff backed his automobile into Orchard Avenue facing west and waited for his wife who had stayed behind to chat with her sister. Plaintiff's wife then walked north across the Paulik lot and crossed the sidewalk and the tree lawn and just beyond the tree lawn she stepped with her left foot into a ditch or hole at least one foot in depth which caused her to fall and to sustain a broken leg and other injuries.

The street was unpaved, unlighted and the light from the porch on the Paulik home did not extend beyond the sidewalk.

Plaintiff and his wife had visited the Paulik home twice previously. On these occasions there was no driveway leading into the Paulik home from Orchard Avenue and plaintiff drove his car across the tree lawn in front of the Paulik home and parked it there. The evidence is uncontradicted that no ditch had been constructed at that time as the tree lawn was on a level with the highway.

The evidence as to the construction of the ditch is that in May, 1943, about one month before the accident to plaintiff's wife, four or five men drove into Orchard Avenue in a truck and constructed a ditch on the south side of the street at the

edge of the tree lawn in front of the Paulik home and other premises to the east.

Witnesses testified that the word "Parma" had been painted on the truck. This was the only evidence offered going to show that defendant had anything to do with the construction or maintenance of the ditch.

The defendant by filing a general denial in its answer denied the allegations of the petition that "the said trench was created by the defendant" and also denied as alleged in the petition "that said trench constitutes a dangerous defect in said roadway and was a nuisance."

Liability in this case is based on §3714 GC which provides:

"* * * * the council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks * * * and shall cause them to be kept open, in repair and free from nuisance."

The trial court in its charge to the jury defined the issues as follows:

"First, whether the condition of the street at the place where plaintiff's wife fell was a nuisance; Second, if you find that the said condition was a nuisance, then you will be required to determine whether the city created the nuisance, or if said condition was not created by the city, whether the city had actual or constructive notice of the existence of the nuisance, that is, if you find the condition referred to was a nuisance; Third, if you find that a nuisance existed and that the city either created the nuisance or had actual or constructive notice of its existence whether the city was negligent in failing to remove said nuisance or to guard it or warn of its existence; Fourth, assuming you find affirmatively, if you do, on the issues I just directed your attention to, you will be further required to determine whether the negligence if any of the city was the proximate cause of the damage and loss which plaintiff in this lawsuit claims to have sustained."

The court also charged correctly on contributory negligence. No exception was taken to the charge by defendant.

It is our opinion that the above charge fairly presents the issues in the case and that the evidence introduced was sufficient to sustain the verdict by the jury in the plaintiff's favor. Even if the technical objections were made that the evidence is insufficient to show that the City of Parma had anything to

do with constructing the ditch, a jury question was presented as to whether the city had actual or constructive notice of its existence as the excavation had been in existence at least a month before the accident.

The defendant did not see fit to place any witnesses on the stand who could testify as to the purposes and necessity if any of constructing the ditch; as to whether it was constructed in an approved manner and of a uniform depth; as to the lighting of the street if any, and as to whether the ditch or trench as constructed was reasonably adapted to carry out the purposes of its construction. All of these matters were peculiarly within the knowledge of the defendant.

The evidence in the record before us is that the step-off from the tree lawn was a ditch over a foot in depth; that the ditch had been in existence for over a month; that it was dark and the street was unlighted; that Mrs. Douglas did not see the ditch before she stepped into it and that she did not know, and had no reason to believe that there was a ditch there as on her two previous visits to her sister's home no ditch existed as the highway was then on a level with the tree lawn.

Mrs. Douglas testified as follows as to the accident:

"I stepped forward and instead of being in the street I went right down in this hole. * * * *

"I just stepped forward and went right down * * * * It just went out under me and I went down. Next I knew I was on my back and I was calling."

Plaintiff's wife was not a trespasser on the street as she had the right to walk in a direct line to the automobile waiting for her, so long as she exercised ordinary care for her own safety. Whether or not she was guilty of contributory negligence was a question for the jury under proper instructions. It cannot be said that as a matter of law the jury erred in rendering a verdict for the plaintiff.

The cases cited and quoted from by the defendant in its brief are not pertinent to the instant case as the facts in each of the cases cited were different in important particulars.

The judgment is affirmed.

SKEEL, PJ, and HURD, J, concur.